public can not be implied. Such power rests upon an express grant, subject to such restrictions and limitations as the law-making power may see fit to impose. We have been unable to find any legislative authority for the board of trustees of a local school district or a consolidated school district to borrow money, other than the exceptions referred to above; and for this reason we think the learned trial judge erred in overruling the demurrer. In our opinion, the board of trustees had no authority of law authorizing them to borrow money; and though the bank doubtless acted in the utmost good faith, an examination of the law would doubtless have created in the minds of its officers such a degree of caution as would have caused them to decline to make the loan. The same question as raised here was presented in *Board of Education of Miller County* v. *Fudge, 4 Ga. App.* 637 (62 S. E. 154), as to a loan made at that time to the county board of education; and it was held, upon the authority of *Mason* v. *Commissioners,* 104 *Ga.* 35 (30 S. E. 513), and *Hall* v. *Greene County,* 119 *Ga.* 253 (46 S. E. 69), that the county board could not borrow money, for the same reasons as have just been stated. Subsequently the General Assembly made provision for the borrowing of money for temporary emergencies by *county boards of education;* but so far as we are aware, no such power has been conferred upon the trustees of consolidated school districts.

*Judgment reversed. All the Justices concur.*

---

### IRBY *v.* ALLEN & COMPANY.

This case coming before this court for a decision by six Justices, the question being whether the Court of Appeals erred in affirming the judgment of the trial court, and the Justices of this court being divided in opinion on that question, Russell, C. J., and Atkinson and Hines, JJ., being of the opinion that the judgment of the Court of Appeals should be reversed, and Beck, P. J., and Hill and Gilbert, JJ., being of the contrary opinion, the judgment of the Court of Appeals is affirmed by operation of law. Civil Code (1910), § 6116.

No. 4802. FEBRUARY 19, 1926.

Appeal and Error 4 C. J. p. 1122, n. 35.

Certiorari; from Court of Appeals. 33 *Ga. App.* 362.

*J. V. Poole,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman* and *Mark Bolding,* for defendant.

---

## SLADE, administrator, *et al. v.* RAINES.

Where a grantor conveyed land to a grantee to secure a debt, and at the same time by separate deed conveyed the same land to another for life, reserving to the grantor a life-estate, with remainder (after the death of the grantee in this second deed) to the grantee in the security deed, such life-estate and such remainder-estate were subject to the security deed; and it will be presumed that the intention of the grantee in the security deed was that the estate thereby conveyed was not to merge in the remainder estate and thus postpone the lien of the security deed to the life-estates created by the other deed.

No. 4805. FEBRUARY 19, 1926.

Injunction. Before Judge Crum. Crisp superior court. February 7, 1925.

*Pearson Ellis* and *A. S. Bussey,* for plaintiffs in error.

*Whipple & McKenzie,* contra.

HINES, J. Mary Raines, her daughter, Leila Slade, and her son William M. Raines owned a tract of land as tenants in common. Three deeds conveying said land were simultaneously executed on November 9, 1918. (1) The daughter and son, in consideration of $14,000, conveyed it by deed of warranty to their mother, thus putting the whole estate therein in her. (2) The mother conveyed it to her daughter to secure the payment of $7000 due to the daughter on the purchase-price of the daughter's interest. This deed contained a power of sale, authorizing the grantee, her heirs, executors, administrators, or assigns, to sell the land if the mother defaulted in the payment of the debt thereby secured. (3) The mother, in consideration of $1 and of natural love and affection, conveyed the land to her son for and during his natural life (reserving to herself a life-estate therein), with remainder, after the death of the son, to the daughter. The mother failed to pay the debt secured by her deed to her daughter. Both the mother and the daughter died. Thereafter, J. O. Slade, the husband of the

Mortgages 27 Cyc. p. 1379, n. 9.